UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

===================================X

IN RE:

KRISHNA JAGROO,

                    Debtors.

===================================X

tmd3574/nk

MARCH 18, 2020

9:30 AM

Case No. 119-40123-NHL

Hon. NANCY HERSHEY LORD

**NOTICE OF MOTION**

        PLEASE TAKE NOTICE, that upon the within application, Marianne DeRosa, Chapter 13 Trustee will move this court before the Honorable Nancy Hershey Lord, U.S. Bankruptcy Judge, at the United States Bankruptcy Court, Brooklyn Courthouse, 271-C Cadman Plaza East, Brooklyn, New York, Courtroom 3577 on March 18, 2020 at 9:30 AM or as soon thereafter as counsel can be heard, for an order pursuant to 11 U.S.C. 1307(c) converting this Chapter 13 case to a case under Chapter 7 and for such other and further relief as may seem just and proper.

        Responsive papers shall be filed with the bankruptcy court and served upon the Chapter 13 Trustee, Marianne DeRosa, Esq., no later than seven (7) business days prior to the hearing date set forth above.  Any responsive papers shall be in conformity with the Federal Rules of Bankruptcy Procedure and indicate the entity submitting the response, the nature of the response and the basis of the response.

Date:   Jericho, New York
        January 27, 2020

                                    /s/ Marianne DeRosa
                                    MARIANNE DeROSA, TRUSTEE
                                    100 JERICHO QUADRANGLE; STE 127
                                    JERICHO, NY 11753
                                    (516) 622-1340

tmd3574/nk

UNITED STATES BANKRUPTCY COURT                     MARCH 18, 2020
EASTERN DISTRICT OF NEW YORK                       9:30 AM
====================================X

IN RE:                                             Case No: 119-40123-NHL

KRISHNA JAGROO,                                    Hon. NANCY HERSHEY LORD

                                                   **APPLICATION**

                    Debtors.

==================================X


TO THE HONORABLE NANCY HERSHEY LORD U.S. BANKRUPTCY JUDGE:

        Nathan Z. Kaufman, staff attorney to MARIANNE DEROSA, Chapter 13 Trustee (the
"Trustee") in the above-captioned estate, respectfully represents the following:

        1.      The Debtor filed a petition under the provisions of 11 U.S.C. Chapter 7 on January
9, 2019.  On July 25, 2019, at docket number 16, the Court entered an order granting to the
Debtor a discharge pursuant to 11 U.S.C. §727.

        2.      On August 15, 2019, at docket number 19, the Chapter 7 Trustee, Richard
McCord, Esq., filed a complaint for an adversary proceeding seeking to avoid the fraudulent
conveyance by the Debtor of an interest in real property.  Specifically, the Debtor had sole
ownership of his principal residence, but conveyed the residence to himself and his spouse within
90 days prior to the petition date.  Based upon the record, it appears the value of the Debtor's
equity in the transferred property exceeded the mortgage lien and asserted homestead exemption
by over a hundred thousand dollars.

        3.      It should be noted that the only mortgagee, JPMorgan Chase Bank, N.A., filed a
proof of claim for $94,219.66 ("Claim 8"), while Debtor's Schedule A/B lists the value of Debtor's
residence as $410,000.  Claim 8 also indicates no arrearage as of the petition date, and that the
contract rate for Claim 8 was 3.375% (lower than the current modification interest rates available
for any non-FHA loans).

        4.      Subsequently, Debtor filed a Motion to Convert at docket numbers 20, 23, and 24.
Upon information and belief, the only reason for the Debtor to convert from Chapter 7 to Chapter
13 was the Chapter 7 Trustee's discovery of assets in this case.

        5.      This case was subsequently converted to a case under Chapter 13 by Order dated
dated October 27, 2019.  Thereafter, Marianne DeRosa was duly appointed and qualified as
Trustee.

        6.      Because the Chapter 7 Trustee discovered and was pursuing assets in this case
pre-conversion, it "is in the best interests of creditors and the estate," as set forth in 11 U.S.C.
§1307(c), to re-convert this case to a case under Chapter 7, rather than to dismiss the case.

        7.      This case should be re-converted because of deficiencies with the Plan, failure
and inability to make payments required under the Plan, and failure to comply with mandatory
disclosure requirements.

## Chapter 13 Plan Deficiencies

8.      The Debtors' proposed Chapter 13 Plan (hereinafter referred to as "the Plan") is dated November 19, 2019 and provides for payments in the amount of $250.00 per month for a period of sixty months, although the payment schedule indicates a plan period of sixty-one months.  The Plan proposes maintenance through direct payments of Claim 8, as well as full repayment to all allowed general unsecured proofs of claim.

9.      The Trustee projects that the Plan will pay a dividend to general unsecured proofs of claim of approximately 27.74%, or $10,800 of a total general unsecured claim pool of $38,937.16.

10.     The Trustee seeks conversion of this case because the Plan does not pay all allowed claims, as it proposes to do.

11.     Further, because a Chapter 7 Trustee would be able to recover more than $38,937.16 from liquidation of assets of the Debtor's Estate, an amended plan providing for a reduced dividend to unsecured creditors would not be confirmable pursuant to 11 U.S.C. §1325(a)(4).

12.     In addition, there is no proof of service for the Plan appearing on the docket; the Plan therefore fails to comply with the service requirements of E.D.N.Y. LBR 3015-1(b).

## Debtor Has Made No Plan Payments

13.     To date, Debtor has failed to make any plan payments to the Trustee.  More than 30 days have passed since conversion to Chapter 13 on October 27, 2019.  Therefore, Debtor has failed to comply with 11 U.S.C. §1326(a)(1), which is expressly listed as cause for conversion pursuant to 11 U.S.C. §1307(c)(4).

14.     In addition, the Debtor's Schedules I and J, filed with the petition at docket number 1, show a monthly net income of $0.17, demonstrating the Debtors' inability to make any plan payments.  Debtor has therefore failed to satisfy 11 U.S.C. §1325(a)(6).

15.     As stated above, the Debtor cannot amend the Plan to decrease the dividend to unsecured creditors below 100%.  Being that the Debtor also cannot afford the current payments under the Plan, let alone an increase in payments, it does not appear possible that Debtor will be able to propose any confirmable plan.

## Failure to Comply with Mandatory Disclosure Requirements

16.     Pursuant to 11 U.S.C. §521(e)(2), on or before November 27, 2019, Debtor was required to provide the Trustee with the Federal income tax return or transcript for tax year 2018. Debtor has failed to do so.

17.     The Debtor failed to comply with the disclosure requirements of E.D.N.Y. LBR 2003-1(a)(vi) and (b)(i) in that the Debtor did not provide to the Trustee documentation of all post-petition mortgage payments.

18.     The Debtor failed to comply with the disclosure requirements of E.D.N.Y. LBR 2003-1(b)(ii) and (c) in that an affidavit was not filed with the Court and provided to the Trustee

stating that the Debtor has paid all amounts required under a domestic support obligation or that the Debtor has no domestic support obligations.

      19.     The Debtor failed to comply with the disclosure requirements of E.D.N.Y. LBR 2003-1(b)(iii) and (c) in that an affidavit was not filed with the Court and provided to the Trustee stating that the Debtor has filed all applicable federal, state, and local tax returns as required by Bankruptcy Code §1308.

      20.     The Debtor's failure to provide these items impedes the Trustee's ability to administer this case and, therefore, is a delay that is prejudicial to the rights of the creditors of the Debtor pursuant to 11 U.S.C. §1307(c)(1).

      21.     Each of the foregoing constitutes cause to convert this Chapter 13 case within the meaning of 11 U.S.C. §1307(c).

      WHEREFORE, the Chapter 13 Trustee respectfully requests that this Court enter an Order re-converting this Chapter 13 case to a case under Chapter 7, and for such other and further relief as may seem just and proper.

Dated: Jericho, New York
      January 27, 2020

                    *s/Nathan Kaufman*
                    Nathan Z. Kaufman, Staff Attorney
                    Office of Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X    Case No: 119-40123-NHL
IN RE:

 KRISHNA JAGROO,

                                                              CERTIFICATE OF SERVICE
                                                                    BY MAIL
                              Debtor.
-----------------------------------------------------------X

              This is to certify that I, Nathan Z. Kaufman, have this day served a true, accurate
and correct copy of the within Notice of Motion and Application by depositing a true copy thereof
enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of
the U.S. Postal Service within New York State, addressed to each of the following persons at the
last known address set forth after each name:

Krishna Jagroo
11952 Inwood St
Jamaica, NY 11436-1530

In addition, I effected notice by electronic transmission generated by the ECF system to the
following persons/entities pursuant to Bankruptcy Rule 9036:

Joseph Y. Balisok, Esq., bankruptcy@lawbalisok.com

Richard J. McCord, Esq., rmccord@cbah.com

JPMorgan Chase Bank, N.A. c/o Shapiro, DiCaro & Barak, LLC, LIbkcourt@LOGS.com

TD Bank, N.A. c/o Meyner & Landis LLP, ckelly@meyner.com

Transmission times for electronic delivery are Eastern Time zone.

This January 27, 2020


/s/Nathan Z. Kaufman
Nathan Z. Kaufman, Staff Attorney
Office of the Standing Chapter 13 Trustee
Marianne DeRosa, Esq.
100 Jericho Quadrangle; Ste 127
Jericho, NY 11753
(516) 622-1340

CASE NO:  119-40123-NHL
Hon. NANCY HERSHEY LORD

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
==========================================================================
IN RE:

KRISHNA JAGROO,


            Debtor.
======================================================================

NOTICE OF MOTION AND APPLICATION TO CONVERT CASE

======================================================================


MARIANNE DeROSA, TRUSTEE
100 JERICHO QUADRANGLE; STE 127
JERICHO, NY 11753
(516) 622-1340