UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

IN RE:

KRISHNA JAGROO,                                    CHAPTER 13

                                                   CASE NO. 1-19-40123-nhl

                        DEBTOR.                    JUDGE: Nancy Hershey Lord

**OPPOSITION TO OBJECTION TO PROOF OF CLAIM NO. 8 PURSUANT TO
FEDERAL RULES OF BANKRUPTCY PROCEDURE RULES 3001, 3002 AND 3007**

JPMorgan Chase Bank, National Association ("Chase"), by and through its attorneys, Shapiro, DiCaro & Barak, LLC as and for its Opposition to Debtor's Objection to Proof of Claim No. 8 Pursuant to Federal Rules of Bankruptcy Procedure Rules 3001, 3002 and 3007 dated March 5, 2020, (the "Claim Objection") respectfully affirms the following to be true under penalty of perjury:

1.      I am an Attorney with Shapiro, DiCaro & Barak, LLC, attorneys for JPMorgan Chase Bank, N.A., and am familiar with the facts and circumstances surrounding this matter.

2.      Krishna Jagroo (the "Debtor") is the owner of the property located at 11952 Inwood Street, Jamaica, NY 11436 (the "Property").

3.      On May 25, 2012, the Debtor executed a note in favor of Guaranteed Home Mortgage Company, Inc. in the amount of $174,501.00 (the "Note").  To secure the repayment of the Note, the Debtor executed a mortgage dated May 25, 2012 in the amount of $174,501.00, which was then recorded in the Office of the City Register for the City of New York on June 28, 2012 at CRFN 2012000256086 (the "Mortgage", the Note and Mortgage collectively referred to as the "Loan"). The Loan was transferred to Chase by an assignment of Mortgage dated February 4, 2019 and recorded on February 12, 2019 (the "Assignment of Mortgage").

4.      Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on January 9, 2019.

5.      After a diligent investigation, the Trustee came to the conclusion that there was non-exempt equity in the Property, and the Trustee indicated an intent to attempt to sell the Property.

6.      On July 25, 2019, the Trustee filed a Notice of Discovery of Assets, setting a bar date for the Chapter 7 case of October 23, 2019.

7.      Thereafter, on August 15, 2019, the Trustee commenced an adversary proceeding against Indrani Jagroo, the Debtor's spouse, seeking to partition the Property pursuant to Section 363(h) (the "Partition Action").

8.      The same day the Trustee filed the Partition Action, the Debtor filed a motion to convert the instant bankruptcy to Chapter 13.

9.      On October 27, 2019, the Court entered an order granting the Debtor's Motion to Convert, converting the Debtor's Case to one under Chapter 13 of the Bankruptcy Code.

10.     On December 17, 2019, JPMorgan Chase Bank, N.A. timely filed a proof of claim, reflected on the claims register as claim number 8-1, evidencing a total claim of $94,219.66, including pre-petition arrears in the amount of $0.00 the ("Chase Claim").

11.     On March 5, 2020, Debtor filed the instant Claim Objection seeking an order of the Court disallowing the Chase Claim.

12.     Concurrently with the filing of the instant Claim Objection, the Debtor filed objections to each and every claim filed in the instant bankruptcy.

13.     Additionally, the Debtor made the return date of the sight claim objections in January 2021, some ten months after their filing, in what seems to be a bad faith attempt to delay prosecution of the bankruptcy case.

14.     The Claim Objection asserts numerous bases for the assertion that the Chase Claim should be disallowed, but utterly fails to apply the law to the facts of the instant case and to actually show how any of the allegations apply to the Chase claim whatsoever.

15.     In numerous instances, the Claim Objection appears to not have conducted even a basic review of the underlying Chase Claim, for example asserting the loan documents are not attached, despite copies of the loan documents clearly attached to the Chase Mortgage, and challenges to the fees assessed in the Chase Claim despite there being no fees whatsoever in the Chase Claim as the Debtor was current at the time of the filing of the petition.

16.     As a consequence, the Claim Objection clearly fails to establish a *prima facie* case sufficient to rebut Chase's *prima facie* validity and thus fails as a matter of law.

## **DISCUSSION**

17.     Pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, a proof of claim "shall constitute prima facie evidence of the validity and amount of the claim."

18.     To overcome this *prima facie* evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim. *In re Reilly*, 245 B.R. 768 (2d Cir. B.A.P. 2000) (*quoting In re Allegheny Int'l, Inc.,* 954 F.2d 167 (3d Cir.1992)).

19.     A party objecting to a proof of claim bears the burden of establishing that the claim is "legally insufficient" under Section 502 of the Bankruptcy Code.  *See In re Richmond,*

534 B.R. 479, 483 (Bankr. E.D.N.Y. 2014), *citing In re Lehman Bros. Holdings Inc.*, 519 B.R. 47, 53 (Bankr. S.D.N.Y. 2014).

20.     The Debtor has not presented a legally sound challenge to the Chase Claim and has failed to support a *prima facie* case that the Chase Claim is legally insufficient in any respect.

*The Proof of Claim Was Timely Filed*

21.     Pursuant to Fed. R. Bankr. P. 3002(c), in a converted Chapter 13 case, a proof of claim "is timely filed if it is filed not later than 70 days after . . . the date of the order of conversion to a case under chapter 12 or 13."

22.     The Conversion Order was entered on October 27, 2019.

23.     Seventy days from the Conversion Order is Sunday, January 5, 2020.  Since this is a Sunday, the deadlines would have continued to Monday, January 6, 2020 pursuant to Fed. R. Bankr. P. 9006(a)(1)(C).

24.     Therefore, Fed. R. Bankr. P. 3002(c) clearly sets a deadline to file claims of January 6, 2020.

25.     The Chase Claim was filed on December 17, 2019, well in advance of the January 6, 2020 bar date.

26.     It is worth noting that the Debtor asserts in the Claim Objection that the deadline set forth in Fed. R. Bankr. P 3002(c) sets the bar date as the date of the conversion.

27.     This is based on a misreading of the relevant statutory provision.

28.     The committee notes clearly address this potential misreading, and assert that "[i]f a case is converted to chapter 12 or chapter 13, the 70- day time for filing runs from the order of conversion."

29.     Further, this interpretation of the text of Fed. R. Bankr. P. 3002(c) is the only reading which makes sense.  The Debtor's assertion that the bar date in a converted Chapter 13 case is the date of conversion order itself would leave no time whatsoever for a creditor to file a proof of claim after conversion of a case to Chapter 13, an absurd reading of this provision.

30.     Therefore, for the above stated reasons, the Debtor's assertion that the Chase Claim is a late filed claim, and must therefore be disallowed, fails as a matter of law.

*Other Bases for Objection*

31.     After discussing the timeliness of the Chase Claim, the Debtor goes into a string of objections to the Chase Claim.

32.     These objections do not appear to be based on an actual review of the Chase Claim, and the Debtor makes numerous assertions regarding the Chase Claim that are plainly untrue.

33.     In paragraph 14 of the Claim Objection, the Debtor asserts that the Chase Claim fails to provide documentation of the contractual basis for the claim.

34.     This assertion is completely rebutted by a cursory review of the Chase Claim, which includes copies of all relevant documents, including the Note, the Mortgage, the Assignment of Mortgage and an Escrow Analysis.

35.     Counterintuitively, the Debtor goes on to assert that for a proof of claim to be "substantiated", it must:

　　a.  Conform substantially with the official form;

　　b.  Attach redacted copies of supporting documents;

　　c.  Attach copies of documents showing evidence of perfection of a security interest.

36.    The Debtor then asserts in paragraph 20 that the Chase Claim is "not substantiated", without so much as an assertion what the Debtor alleges to be missing.

37.    Again, even a cursory review of the Chase Claim shows that each of these items is included.

38.    The Chase Claim is completed on the Official form 410 and has attached the Form 410A mortgage proof of claim attachment.

39.    All relevant loan documents are attached to the Chase Claim and are properly redacted.

40.    A copy of the recording cover page of the Mortgage, which constitutes evidence of the perfection of Chase's lien, is also clearly included.

41.    The Debtor then asserts that, "to the extent that the creditor claims a variety of other amounts, such as bankruptcy monitoring fees, duplicative escrow charges, and supplicative interest charges" it has the burden to produce evidence of the reasonableness of its fees and charges.  Then the Debtor asserts that the Chase Claim should be disallowed.

42.    This is particularly problematic, as the Chase Claim very clearly asserts on the 410A that the Debtor was current as of the filing of the petition, and clearly shows that <u>no fees or costs are included in the claim at all</u>.

43.    It is unclear what good faith basis the Debtor could possibly have had to request the Court disallow the Chase Claim for failure to justify expenses that were not in the Chase Claim.

44.    The Debtor asserts that the Chase Claim must be disallowed because the Debtor's signature is illegible.

45.    However, the Debtor's signature on both the Note and Mortgage is clearly legible:

46.     On the Note, the Debtor's signature appears as follows:

Krishna Jagroo                    (Seal)

47.     On the Mortgage, the Debtor's signature appears as follows:

Krishna Jagroo                    (Seal)

48.     The Debtor asserts that "if the security language is in small print, or buried in a credit card agreement, or appears only in a sales slip, unnoticed by the consumer, courts may deem it to be an unenforceable adhesion clause."

49.     Of course, the underlying security instrument is a Mortgage, not a sales slip or credit card agreement.

50.     Once again, the language of the Debtor's Claim Objection appears not to be based on an actual review of the Chase Claim, but a generic pleading throwing in every possible argument regardless of its applicability to the facts of the instant case.

51.     Finally, the Debtor asserts that the Chase Claim must be disallowed because it fails to show proof of assignment of the claim, despite the fact that the assignment of the Loan is attached to the Chase Claim.

## **CONCLUSION**

52.     The Debtor's Claim Objection constitutes a bad faith attempt to disallow Chase's timely filed proof of claim.

53.     The Claim Objection makes numerous duplicative and unsupported allegations that seem to show a failure of the Debtor to even conduct a cursory review of the claim itself.

54.     The Debtor's Claim Objection fails to make a *prima facie* case rebutting any element of the Chase Claim, and must be denied in its entirety.

**WHEREFORE,** JPMorgan Chase Bank, National Association respectfully requests that the Court deny the Debtor's proposed order; or for such other relief as this court may deem just and proper.

Dated: March 27, 2020
        Melville, New York

Respectfully Submitted,

/s/ Robert W. Griswold
Robert W. Griswold
Bankruptcy Attorney
Shapiro, DiCaro & Barak, LLC
Attorneys for JPMorgan Chase Bank, National Association
One Huntington Quadrangle, Suite 3N05
Melville, NY  11747
Telephone: (631) 844-9611
Fax: (631) 844-9525

**SHAPIRO, DICARO & BARAK, LLC**
Attorneys for JPMorgan Chase Bank, National Association
One Huntington Quadrangle, Suite 3N05
Melville, NY 11747
Telephone: (631) 844-9611, Fax: (631) 844-9525
**Robert W. Griswold**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| KRISHNA JAGROO, | CASE NO. 1-19-40123-nhl |
| DEBTOR. | |

## <u>CERTIFICATE OF SERVICE BY MAIL</u>

STATE OF NEW YORK       )
                                             )ss:
COUNTY OF MONROE      )


I, Michael J. Chatwin, being sworn, say, I am not a party to this action; I am over 18 years of age, I reside in Rochester, New York.

On March 27, 2020 I served the within Opposition to Objection to Proof of Claim No. 8 Pursuant to Federal Rules of Bankruptcy Procedure Rules 3001, 3002 and 3007 upon:

TO:     Debtor
         Krishna Jagroo
         11952 Inwood Street
         Jamaica, NY 11436

         Attorney for Debtor
         Joseph Y. Balisok
         Balisok & Kaufman PLLC
         251 Troy Avenue
         Brooklyn, NY 11213

Trustee
Marianne DeRosa
Office of the Chapter 13 Trustee
100 Jericho Quadrangle
Suite 127
Jericho, NY 11753

U.S. Trustee
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

at the addresses designated by the foregoing individuals for that purpose by depositing a true

copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under

the exclusive care and custody of the United States Postal Service within the State of New York.

Date: 3/27/2020

 _/s/ Michael J. Chatwin_____
Michael J. Chatwin
Bankruptcy Attorney
Shapiro, DiCaro & Barak, LLC
Attorneys for JPMorgan Chase Bank,
National Association
175 Mile Crossing Boulevard
Rochester, New York 14624
Telephone: (585) 247-9000
Fax: (585) 247-7380