UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| KRISHNA JAGROO, | CASE NO. 1-19-40123-nhl |
| | JUDGE: Nancy Hershey Lord |
| DEBTOR. | MOTION DATE: May 21, 2020 |
| | MOTION TIME: 2:30 p.m. |

**PLEASE TAKE NOTICE** that upon the annexed affirmation of Robert W. Griswold, an Associate of the law firm of Shapiro, DiCaro & Barak, LLC, attorneys for JPMorgan Chase Bank, National Association ("Chase") will move this Court as set forth below:

| | |
|---|---|
| JUDGE: | HON. Nancy Hershey Lord |
| RETURN DATE & TIME: | May 21, 2020 at 2:30 p.m. |
| COURTHOUSE: | United States Bankruptcy Court<br>Conrad B. Duberstein U.S. Courthouse,<br>271-C Cadman Plaza East<br>Brooklyn, NY 11201 |
| RELIEF REQUESTED: | The proposed order will seek to dismiss the instant bankruptcy proceeding pursuant to 11 U.S.C. § 1307 based upon an unreasonable delay prejudicial to creditors, and for other cause. |

19-085010

**PLEASE TAKE FURTHER NOTICE,** that answering affidavits, if any, to the relief requested, must be served upon and received by Shapiro, DiCaro & Barak, LLC at their offices at One Huntington Quadrangle, Suite 3N05, Melville, NY 11747 and filed with the Clerk of the United States Bankruptcy Court for the Southern District of New York at United States Bankruptcy Court, Conrad B. Duberstein U.S. Courthouse, 271-C Cadman Plaza East, Brooklyn, NY 11201 no later than seven (7) days prior to the return date of this motion.

Dated:   March 30, 2020
         Melville, New York

                                      <u>/s/ Robert W. Griswold</u>
                                      Robert W. Griswold
                                      Bankruptcy Attorney
                                      Shapiro, DiCaro & Barak, LLC
                                      Attorneys for JPMorgan Chase Bank, National
                                      Association
                                      One Huntington Quadrangle, Suite 3N05
                                      Melville, NY  11747
                                      Telephone: (631) 844-9611
                                      Fax: (585) 247-7380

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS NOTICE IS REQUIRED BY THE PROVISIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT AND DOES NOT IMPLY THAT WE ARE ATTEMPTING TO COLLECT MONEY FROM ANYONE WHO HAS DISCHARGED THE DEBT UNDER THE BANKRUPTCY LAWS OF THE UNITED STATES.**

TO:   SERVICE LIST

19-085010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| KRISHNA JAGROO, | CASE NO. 1-19-40123-nhl |
| | JUDGE: Nancy Hershey Lord |
| DEBTOR. | MOTION DATE: May 21, 2020 |
| | MOTION TIME: 2:30 p.m. |

**AFFIRMATION IN SUPPORT OF
ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 1307(d)
DISMISSING THE INSTANT BANKRUPTCY**

Robert W. Griswold, an attorney at law duly admitted to practice before the Courts of the State of New York and the U.S. District Court for the Eastern District of New York, hereby affirms the following to be true under penalty of perjury:

1.	I am an Attorney with the law firm of Shapiro, DiCaro & Barak, LLC, attorneys for JPMorgan Chase Bank, National Association ("Chase"), a secured creditor of Krishna Jagroo (the "Debtor"). As such, I am fully familiar with the facts and circumstances of this case.

2.	I make this Affirmation in support of the within request for an Order dismissing the instant bankruptcy, for cause, pursuant to 11 U.S.C. § 1307, based upon Debtor's failure to prosecute the case.

3.	Jurisdiction is conferred on this Court by the provisions of 28 U.S.C. § 1334. This is a proceeding to bankruptcy case, and is therefore a "core" proceeding within the meaning of 28 U.S.C. § 157(b)

19-085010

4. On May 25, 2012, the Debtor executed a note in favor of Guaranteed Home Mortgage Company, Inc. in the amount of $174,501.00 (the "Note"). To secure the repayment of the Note, the Debtor executed a mortgage dated May 25, 2012 in the amount of $174,501.00, which was then recorded in the Office of the City Register for the City of New York on June 28, 2012 at CRFN 2012000256086 (the "Mortgage", the Note and Mortgage collectively referred to as the "Loan" or the "Loan Documents"). The Loan was transferred to Chase by an assignment of Mortgage dated February 4, 2019 and recorded on February 12, 2019 (the "Assignment of Mortgage").

5. Upon information and belief, the Debtor herein owns the Property.

6. The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on January 9, 2019.

7. After a diligent investigation, the Trustee came to the conclusion that there was non-exempt equity in the Property, and the Trustee indicated an intent to attempt to sell the Property to recover proceeds for the estate.

8. On July 25, 2019, the Trustee filed a Notice of Discovery of Assets, setting a bar date for the Chapter 7 case of October 23, 2019.

9. Thereafter, on August 15, 2019, the Trustee commenced an adversary proceeding against Indrani Jagroo, the Debtor's spouse, seeking to partition the Property pursuant to Section 363(h) (the "Partition Action").

10. The same day the Trustee filed the Partition Action, the Debtor filed a motion to convert the instant bankruptcy to Chapter 13, which the Debtor later amended to be on presentment.

11. On October 27, 2019, the Court entered an order granting the Debtor's Motion to Convert, converting the Debtor's Case to one under Chapter 13 of the Bankruptcy Code.

12. On December 17, 2019, JPMorgan Chase Bank, N.A. timely filed a proof of claim, reflected on the claims register as claim number 8-1, evidencing a total claim of $94,219.66, including pre-petition arrears in the amount of $0.00 the ("Chase Claim").

13. Despite the fact that the Debtor's Loan is at a very favorable interest rate of 3.375%, and despite the fact that the Debtor was contractually and post-petition current, the Debtor requested loss mitigation with respect to the Loan on December 27, 2019.

14. Loss Mitigation was ordered by the Court on February 2, 2020.

15. Instead of proposing a good faith Chapter 13 Plan that pays off the Debtor's creditors over the life of the Plan, on March 5, 2020 the Debtor objected to each and every filed proof of claim (the "Claim Objections").

16. Included in the Claim Objections was a claim objection seeking an order of the Court disallowing the Chase Claim (the "Chase Claim Objection") despite being in court ordered loss mitigation with Chase.

17. All of the Claim Objections were made returnable on <u>January 13, 2021</u>, a date nearly 11 months after the filing of the Claim Objections.

18. On March 27, 2020, Chase filed opposition to the Chase Claim Objection (the "Opposition").

19. As noted in the Opposition, the Debtor made numerous allegations in the Chase Claim Objection that show that the Chase Claim Objection is not based on an actual review of the Chase Claim, but rather was a cookie cutter objection throwing every potential argument,

even many that were plainly contradicted by a cursory review of the Chase Claim, or arguments that make no sense whatsoever.

20. The Chase Claim Objection falsely asserts that the loan documents, the recording coverage and the relevant assignments are not attached to the Chase Claim.

21. The Chase Claim Objection also falsely asserts that the Chase Claim is not on the official form 410.

22. The Case Claim Objection falsely asserts that the Debtor's signature on the loan documents is illegible.

23. The Chase Claim Objection questions whether the "security language" was hidden "in small print, or buried in a credit card agreement, or appears only in a sales slip, unnoticed by the consumer, courts may deem it to be an unenforceable adhesion clause."

24. This assertion makes no sense whatsoever in connection with a mortgage loan.

25. The Chase Claim Objection even challenges fees even though there are no fees whatsoever in the Chase Claim.

26. Pursuant to Section 1307(c), "on request of a party in interest . . . and after notice and a hearing, the court may . . . dismiss a case under this chapter . . .for cause, including— (1) unreasonable delay by the debtor that is prejudicial to creditors . . . ."

27. While Section 1307(c) identifies several circumstances warranting dismissal, that list is not exhaustive.

28. "Although 11 U.S.C. § 1307(c) does not expressly equate bad faith with 'cause,' the bankruptcy court can also dismiss the petition ... under § 1307(c) if the debtor files his petition in bad faith." *In re Eatman,* 182 B.R. 386, 392 (Bankr.S.D.N.Y.1995).

29. Courts have routinely held that dishonesty of a debtor is an indication of bad faith conduct and warrants dismissal. *See Grogan v. Garner,* 498 U.S. 279, 286 (1991).

30. Upon information and belief, the Debtor only converted the instant bankruptcy to avoid the Trustee's attempt to administer the assets of the Debtor's estate, which almost certainly would have resulted in payment in full to all creditors.

31. Instead of proposing to settle with the Trustee, or to propose a feasible chapter 13 plan that pays all claims, the Debtor objected to every single claim with cookie cutter claim objections, and pushed out the return date by nearly eleven months.

32. The Debtor also requested loss mitigation with respect to the Chase Lien despite there being no need for a loan modification. The Debtor's current interest rate is below market and there are no arrears to recapitalize.[1] Upon information and belief, the Loss Mitigation is simply another means to delay prosecution of the Instant Bankruptcy.

33. Upon information and belief, there is no basis for an 11 month wait for a return date on the Claim Objections other than to delay the prosecution of the instant Chapter 13 Case.

34. Movant hereby requests an order of the Court dismissing or converting the instant bankruptcy.

35. Chase contends that the Debtor's misrepresentations to the Court in the Chase Claim Objection constitute misrepresentations to the court and, together with the Debtors other actions in the instant bankruptcy, is indicative that the Debtor is not participating in the instant

---

[1] *Please note that, although Chase asserts that there does not appear to be a basis for the Debtor to request loss mitigation, Chase acknowledges that the matter is in active court ordered loss mitigation.  Chase will of course review the Debtor for all available programs provided the Debtor submits a complete financial package.*

19-085010

bankruptcy in good faith, and constitutes cause to dismiss the instant bankruptcy pursuant to Section 1307(c).

36. Chase further contends that the needless loss mitigation, together with the excessively long return date on the Claim Objections constitutes an unreasonable delay prejudicial to creditors that warrants dismissal or conversion of the instant bankruptcy pursuant to Section 1307(3)(1).

37. The Debtor, Debtor's Attorney, the Chapter 13 Trustee and the Office of the United States Trustee have each been duly served with the within Notice of Motion, Affirmation, Exhibits and proposed Order Dismissing the Instant Bankruptcy, as more fully set forth in the annexed affidavit of mailing.

38. No prior application has been made for the relief requested herein.

39. If the Court finds that there is not sufficient cause to dismiss or convert the instant bankruptcy, Chase asks that the hearing on the Chase Claim Objection be moved up to be heard in a reasonable time frame

**WHEREFORE,** Movant respectfully requests an Order of this Court dismissing the instant bankruptcy for cause pursuant to 11 U.S.C. § 1307; and for such other, further and different relief as to this Court may seem just, proper and equitable.

Dated:  March 30, 2020
  Melville, New York

          /s/ Robert W. Griswold
          Robert W. Griswold
          Bankruptcy Attorney
          Shapiro, DiCaro & Barak, LLC
          Attorneys for Wells Fargo Bank, N.A.
          One Huntington Quadrangle, Suite 3N05
          Melville, NY  11747
          Telephone: (631) 844-9611
          Fax: (585) 247-7380

19-085010

**SHAPIRO, DICARO & BARAK, LLC**
Attorneys for JPMorgan Chase Bank, N.A.
One Huntington Quadrangle, Suite 3N05
Melville, NY 11747
Telephone: (631) 844-9611, Fax: (631) 844-9525
**Robert W. Griswold**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| KRISHNA JAGROO, | CASE NO. 1-19-40123-nhl |
| | JUDGE: Nancy Hershey Lord |
| DEBTOR. | MOTION DATE: May 21, 2020 |
| | MOTION TIME: 2:30 p.m. |

## **AFFIRMATION OF SERVICE BY MAIL**

STATE OF NEW YORK    )
                     )ss:
COUNTY OF MONROE     )

I, Michael J. Chatwin, being sworn, say, I am not a party to this action; I am over 18 years of age, I reside in Rochester, New York.

On March 30, 2020 I served the within Motion to Dismiss upon:

TO:    Debtor
        Krishna Jagroo
        11952 Inwood Street
        Jamaica, NY 11436

        Attorney for Debtor
        Joseph Y. Balisok
        Balisok & Kaufman PLLC
        251 Troy Avenue
        Brooklyn, NY 11213

19-085010

      Trustee
      Marianne DeRosa
      Office of the Chapter 13 Trustee
      100 Jericho Quadrangle
      Suite 127
      Jericho, NY 11753

      U.S. Trustee
      U.S. Federal Office Building
      201 Varick Street, Suite 1006
      New York, NY 10014

at the addresses designated by the foregoing individuals for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

Date: 3/30/2020                                    /s/ Michael J. Chatwin_____
                                                          Michael J. Chatwin
                                                          Bankruptcy Attorney
                                                          Shapiro, DiCaro & Barak, LLC
                                                          Attorneys for JPMorgan Chase Bank, N.A.
                                                          175 Mile Crossing Boulevard
                                                          Rochester, New York 14624
                                                          Telephone: (585) 247-9000
                                                          Fax: (585) 247-7380

19-085010