| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | tmd3574/nk<br>MAY 21, 2020<br>2:30 PM |

===================================X

IN RE:                                                                                    Case No: 119-40123-NHL

KRISHNA JAGROO,                                                           Hon. NANCY HERSHEY LORD

                              Debtors.

===================================X

### AFFIRMATION IN REPLY TO OPPOSITION TO MOTION TO CONVERT AND IN LIMITED OPPOSITION TO MOTION TO DISMISS

       Nathan Z. Kaufman, staff attorney to MARIANNE DEROSA, Chapter 13 Trustee (the "Trustee") in the above-captioned estate, respectfully represents the following under penalty of perjury:

       1.      This reply affirmation is made in response to the Debtor's Objection to Trustee's Motion to Dismiss or Reconvert to Chapter 7 and Affirmation in Opposition (docket nos. 62 and 63) to the Trustee's Motion to Reconvert (docket no. 31), and in limited opposition to the Motion to Dismiss filed by Creditor JPMorgan Chase Bank, N.A. (docket no. 50). The Trustee also wishes to request relief with respect to upcoming deadlines.

#### Limited Opposition to Creditor Motion to Dismiss

       2.      To clarify the Trustee's position, the Trustee never sought dismissal of this case, and the Trustee objects to the Creditor's Motion to Dismiss to the extent that it seeks dismissal of this case.

       3.      On July 25, 2019, at docket number 16, the Court entered an order granting to the Debtor a discharge pursuant to 11 U.S.C. §727. Because the Debtor obtained a Chapter 7 discharge, allowing this case to be dismissed would be inequitable and prejudicial to the Debtor's unsecured creditors.

       4.      Applying the "best interests of creditors and the estate" test set forth in 11 U.S.C. §1307(c), this case must therefore be reconverted rather than dismissed.

#### Requesting Waiver of Limitations Pursuant to 11 U.S.C. §546

       5.      In the event that this case is not reconverted at the hearing to be held May 21, 2020, the Trustee requests the Court issue an Order deeming the limitations of 11 U.S.C. §546 to be waived. The Court will recall that this case was only converted to one under Chapter 13 after the Chapter 7 Trustee, Richard McCord, Esq., filed an adversary proceeding complaint seeking to avoid the fraudulent conveyance by the Debtor of an interest in real property. After conversion to Chapter 13, the adversary proceeding was discontinued as moot.

       6.      Due to repeated delays by Debtor, the deadline to refile that adversary proceeding is now approaching. The undersigned previously requested that the Debtor, Debtor's spouse, and Debtor's counsel execute a stipulation waiving that deadline, but no executed stipulation was provided to the Trustee's office.

7. The deadline for a trustee in this case to take action under the trustee's avoiding powers is now scheduled to run on January 9, 2021, two years from the order for relief, pursuant to 11 U.S.C. §546(a)(1)(A).

8. The Trustee notes that Debtor's multiple claims objections were originally made returnable January 13, 2021. This date will be more than ten months after the claims objections were filed, but only four days after the applicable statute of limitations on the trustee's avoidance powers.

<u>Equity in Real Property</u>

9. The Debtor's Affirmation in Opposition states at paragraph 3 that the Debtor's "spouse would return her interest and thereby reverse the alleged violation which gives rise to the stated purpose of the Chapter 13 Trustee's Motion to reconvert to Chapter 7." Upon information and belief, by "violation," Debtor is referencing the fraudulent conveyance that was the subject of the Chapter 7 Trustee's adversary proceeding.

10. It is not clear how a post-petition transfer back to the Debtor could resolve all issues created by the prepetition fraudulent conveyance. Regardless, this case would still need to be reconverted.

11. The Trustee's Motion to Reconvert states at paragraph 2 and 3 that "[b]ased upon the record, it appears the value of the Debtor's equity in the transferred property exceeded the mortgage lien and asserted homestead exemption by over a hundred thousand dollars." The Motion to Reconvert further notes that Debtor scheduled the Debtor's residence at a value of $410,000, and that JPMorgan Chase Bank, N.A., the only creditor with a mortgage lien against the Debtor's residence, filed a proof of claim for a total of $94,216.66.

12. Had the Debtor never fraudulently conveyed part of the interest in Debtor's principal residence, Debtor would have had sole ownership of equity over and above the only mortgage lien in the amount of $315,783.34. After subtracting the Debtor's homestead exemption of $170,825, this leaves exposed equity to be liquidated for distribution to creditors in the amount of $144,958.34.

13. The Trustee reiterates the above to preface a clarification that is not obvious from the record. The schedules indicate there were two mortgages against the Debtor's residence, both due to Chase, in the amounts of $105,000 and $107,822, which would result in only $26,353 in exposed equity. This is not accurate.

14. In fact, there is only one mortgage lien against the Debtor's residence. The undersigned reviewed the property records in ACRIS today. There are only two mortgages that have been recorded against the Debtor's residence during the time Debtor owned the property. The first was a purchase money mortgage recorded together with a deed from Maloney McLean on October 2, 2009. On or about May 25, 2012, Debtor refinanced the purchase money mortgage by obtaining the JPMorgan Chase Bank, N.A. mortgage; a satisfaction of mortgage for the purchase money mortgage was recorded on June 26, 2012. No other mortgages appear in the ACRIS records.

15. Because the Debtor would have had substantial equity in Debtor's principal residence if not for the fraudulent conveyance to Debtor's spouse, Debtor's offer to "reverse" the fraudulent conveyance is not relevant to this motion.

### Uncured Grounds for Conversion

16. To date, Debtor has never amended the budget schedules post-conversion. The Debtor's budget only shows disposable income of 17 cents per month, meaning that Debtor will not be able to make all required payments under the proposed plan pursuant to 11 U.S.C. §1325(a)(6). This ground stated in the Trustee's Motion to Reconvert remains uncured.

17. After the Motion to Reconvert was filed, Debtor amended the proposed plan to decrease monthly payments from $250 to $100. Debtor has objected to every claim on the Claims Register, but with only $6,000 in total payments, the likelihood of the current proposed plan becoming feasible appears farfetched.

18. In the same vein, while the Debtor is technically current on monthly plan payments of $100 per month, this is a de minimis amount unlikely to result in a feasible plan. In the meantime, Debtor falls further behind on the payments that would be required in a feasible plan.

19. The Trustee also notes that Debtor's first payment was received February 20, 2020, nearly four months after the case converted. The Debtor therefore failed to comply with 11 U.S.C. §1326(a)(1), and this failure is not curable.

WHEREFORE, the Chapter 13 Trustee respectfully requests that this Court enter an Order re-converting this Chapter 13 case to a case under Chapter 7, and for such other and further relief as may seem just and proper.

Dated: Jericho, New York
      May 20, 2020

                                      *s/Nathan Kaufman*
                                      Nathan Z. Kaufman, Staff Attorney
                                      Office of Chapter 13 Trustee

CASE NO: 119-40123-NHL
Hon. NANCY HERSHEY LORD

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
========================================================================
IN RE:

KRISHNA JAGROO,


              Debtor.
========================================================================

    AFFIRMATION IN REPLY TO DEBTOR AND LIMITED OPPOSITION TO CREDITOR

========================================================================










                        MARIANNE DeROSA, TRUSTEE
                      100 JERICHO QUADRANGLE; STE 127
                            JERICHO, NY 11753
                              (516) 622-1340