**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

In re:

    KRISHNA JAGROO                                          Chapter 13

                                        Debtor.                 Case No. 19-40123-nhl

-----------------------------------------------------------X

## **FURTHER OBJECTION TO MOTION TO DISMISS BY CHAPTER 13 TRUSTEE**

        Joseph Y. Balisok, an attorney admitted to practice in the Courts of the State of New York, and not a party to this action, subscribes and affirms the following to be true under the penalties of perjury:

1. Debtor's counsel mistakenly filed a chapter 7 petition for the Debtor.

2. Debtor's counsel reviewed title to the Debtor's primary residence on ACRIS and incorrectly concluded that there were two mortgages encumbering the same residence.

3. Because Debtor's counsel reviewed title to the Debtor's primary residence and incorrectly concluded that there were two mortgages encumbering the same residence, he incorrectly concluded that there was no unexempt equity in their primary residence.

4. Upon notification by the chapter 7 Trustee, that Counsel had erred, the Debtor converted its chapter 7 bankruptcy filing to chapter 13.

5. On March 9, 2020, the chapter 13 Trustee closed the chapter 13 Meeting of Creditors.

6. The case was closed because the Debtor had provided all information sought by the Trustee.

7. On October 8, 2018, the Debtor transferred his one hundred percent (100%) interest in his primary residence to himself and his wife as tenants by the entirety.

8. On May 19, 2020, Mrs. Indrani Jagroo returned the interest received from the Debtor and the Debtor is now once again the sole owner of their primary residence.

### Uncured Grounds for Conversion

9. The Trustee admits that we are caught up with payments under the current chapter 13 plan, but asserts that this Honorable Court must dismiss the case because the Debtor was four months late in making the first payment.

10. The Debtor made late payments because he was temporarily disabled by a work accident.

11. The Trustee never inquired as to the reason why the payments were made late.

12. Had the Trustee asked she would have been apprised of the reasonable excuse.

13. In case such as ours wherein the Debtor has a reasonable excuse, the Trustee should not have filed a motion to dismiss the matter simply because of late plan payment. (See In re *Duffus,* 339 B.R. 746 (Bankr. D. Or. 2006)(trustee should have used "prosecutorial discretion" to decline bringing dismissal motion when tax returns were files three days later)

### Uncured Grounds for Conversion

14. The Debtor has friends and family members who are willing to contribute to his household which will enable him to make plan payments.

15. The Debtor needs to wait for the results of all his claim objections before asking for contributions because he does not know how much he needs.

16. Upon receiving this Honorable Courts claim decisions and obtaining affidavits of contribution the debtor will then be able to amend his schedules to conform to the new numbers.

### Equity in Real Property

17. The Court should not consider prepetition conduct in deciding whether or not to grant the Trustee Motion to Dismiss because prepetition conduct is irrelevant. See *In re* Lilley, 91 F.3d 491 (3d Cir. 1996); In re Minick, 588 B.R. 772 (Bankr. W.D. Va. 2018).

18. Whether the Court should grant a Motion to dismiss is discretionary not mandatory. In re Green, 64 B.R. 350 (B.A.P. 9th Cir. 1996); In re Smith, 85 B.R. 729 (E.D. Va 1988).

<u>Balancing the Equities</u>

19. Now that the Debtor is in sole possession of his property there is no need to reconvert the case to one under chapter 7.

20. If the matter is converted to Chapter 7 the Debtor, the Debtor's spouse, and the Debtor's children will lose their home.

21. If the matter is not reconverted, but rather dismissed, creditors can still pursue a claim against the debtor and obtain a money Judgment.

22. The Creditors in this chapter 13 matter have lost time, but the New York Courts have been closed from a significant portion of that same time.

23. However, no statute of limitation has expired which would bar a creditor from pursuing their debt in state civil court.

24. When balancing the equities, the Court should consider the loss of one's home in comparison to the burden the automatic stay has had on institutional creditors.

25. The loss of his primary residence would be catastrophic to the Debtor because his family lives in the home with him.

26. If the case is reconverted to chapter 7, the Debtor will also lose substantial equity in his property because an auction of the residence will glean substantially less than the current fair market value of the premises.

27. If the case is reconverted to chapter 7, the Debtor will lose considerable equity because the chapter 7 Trustee will charge substantial fees and costs.

28. The Debtor intends to pay creditors in full through the chapter 13 plan.

29. The balance of the equities in this matter requires that the matter not be reconverted.

WHEREFORE, the Debtor prays that this Honorable Court deny the chapter 13 Trustee's Motion to reconvert the instant matter to one under chapter 7 of the bankruptcy code because it will spell homelessness for him and his family.

Dated:   Brooklyn, New York            Respectfully submitted,
         May 21, 2020

By: /s/ *Joseph Y. Balisok*
Joseph Y. Balisok
Balisok & Kaufman PLLC
Attorneys for Debtor
251 Troy Avenue
Brooklyn, NY 11233
Tel. No. (718) 928-9607
Fax No. (718) 534-9747
Email: joseph@lawbalisok.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re:

    KRISHNA JAGROO                                Chapter 7

                                             Debtor.              Case No. 19-40123-nhl
-----------------------------------------------------------X

## CERTIFICATE OF SERVICE

STATE OF NEW YORK    )
                              )     ss: Brooklyn
COUNTY OF KINGS     )

    I, Joseph Y. Balisok, hereby declare, under penalty of perjury under the laws of the United States of America, and pursuant to 28 U.S.C. § 1746, that on Thursday, May 21, 2020, I caused to be served a copy of the **FURTHER OBJECTION TO MOTION TO DISMISS BY CHAPTER 13 TRUSTEE** by regular mail upon each of the parties listed on the service list below by depositing true copies of same in sealed envelopes, with postage pre-paid thereon, in an official depository of the United States Postal Service within the borough of Brooklyn in the City and State of New York.

Dated:     Brooklyn, New York       Respectfully submitted,
             May 21, 2020

                                                               By: /s/ *Joseph Y. Balisok*
                                                                Joseph Y. Balisok
                                                               Balisok & Kaufman PLLC
                                                               Attorneys for Debtor
                                                               251 Troy Avenue
                                                               Brooklyn, NY 11233
                                                               Tel. No. (718) 928-9607
                                                               Fax No. (718) 534-9747
                                                               Email: joseph@lawbalisok.com

## Service List

Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

Chapter 13 Trustee
Marianne Derosa, Esq.
100 Jericho Quadrangle, Suite 127
Jericho, NY 11753